CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 10 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC DONNEL WHITE, | ) | Civil Action No. 7:06cv00606 |
|     Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner, Eric Donnel White, filed this 28 U.S.C. § 2255 motion challenging his sentence for conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. White claims that his plea was not knowing and voluntary for various reasons and that counsel provided ineffective assistance on several grounds. This matter is before the court on respondent's motion to dismiss.[1] The court finds that White's motion is barred by the one-year statute of limitations for filing a § 2255 motion.[2] Accordingly, the court dismisses White's § 2255 motion as untimely.

I.

On August 11, 2004 White was indicted in this court and charged with conspiracy to distribute 50 grams or more of cocaine base and distribution of five grams or more of cocaine base. On October 25, 2004, pursuant to a written plea agreement, White pled guilty to the conspiracy charge and the court dismissed the distribution charge. The court ultimately sentence White to 210

---

[1] In its motion to dismiss, respondent states that White's § 2255 motion is timely filed. However, upon order of the court to address the timeliness of the petition, respondent acknowledges that it had not reviewed the file closely enough and states that it made a mistake. The government amended its position, concluding that White's motion was in fact untimely filed. The court gave White the opportunity to respond to the government's position. Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto. Fed. R. Civ. P. 8(c), 12(b), and 15(a). However, it is clear that the government did not intelligently waive this defense, but rather made an error in calculating the timeliness. Therefore, the court has authority to sua sponte raise the issue of timeliness despite the government's initial statement that the petition was timely. See Day v. McDonough, 547 U.S. 198 (2006).

[2] Although the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses sua sponte. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 (4th Cir. 2004) (applying Hill to motion filed under 2255).

months incarceration and final judgment was entered on January 18, 2005. White claims that immediately after his sentencing hearing, he asked his attorney to file an appeal and for approximately three to four months he was under the impression that his attorney was handling the appeal. Upon learning that his attorney did not file an appeal in March or April, 2005, White filed a notice of appeal on May 31, 2005. The Fourth Circuit granted the government's motion to dismiss White's appeal as untimely on July 27, 2005 and denied White's motion for re-hearing en banc on September 13, 2005. White then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on January 9, 2006. White filed the instant § 2255 habeas motion on October 2, 2006.[3]

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the date on which some governmental impediment to filing the motion was removed, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255, sixth unnumbered paragraph. For purposes of the one-year limitations period for filing § 2255 motions, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). If the defendant does not timely appeal the trial court's final judgment, as in this case,

---

[3] The court received and docketed his motion on October 10, 2006. However, an inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). Therefore, for purposes of the statute of limitations, even if the court assumes that White submitted his motion to prison officials the same day he signed it, it is still untimely filed.

2

the conviction becomes final ten (10) business days after entry of final judgment when petitioner's opportunity to appeal expires. See id.; Fed. R. App. P. 4(b). Accordingly, White's conviction became final on February 1, 2005, ten business days after entry of the final judgment in his criminal case, and he had until February 1, 2006 to file a timely § 2255 motion. White did not file his § 2255 motion until after October 2, 2006, more than 20 months after his conviction became final.[4]

Therefore, White's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[5] To explain his untimely petition, White argues that he was under the belief that trial counsel had noted an appeal on his behalf and that when he later filed his own appeal and the Fourth Circuit considered it, he thought that his time to file a § 2255 motion was tolled. However, the fact that White was operating under the mistaken assumption that his appeal was pending is insufficient to invoke equitable tolling principles. Van Buren v. United States, No. 4:05cv103, 2006 U.S. Dist. LEXIS 941518 (E.D. Va. Dec. 18, 2006). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris v. Hutcherson, 209 F.3d 325, 330 (4th Cir. 2000). Furthermore, White's untimely filed appeal had no effect on when judgment in his criminal

---

[4] To the extent that White could argue that his claim that counsel was ineffective in failing to file an appeal despite White's request, did not accrue until March or April, 2005 when he became aware that trial counsel had not noted an appeal, it still would be untimely. Assuming the statute of limitations began to run on that claim in April 2005, he would have had until April 2006 to timely file a § 2255 motion on that claim. Since White did not file his motion until October 2006, it is clearly untimely.

[5] Section 2255's one-year limitation period is subject to equitable tolling when an otherwise time-barred petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (en banc); see also Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (equitable tolling of habeas statute of limitation only appropriate in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party") (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

case became final and does not toll the statute of limitations. See Reynolds v. United States, No. 3:06cv401-02-F, 2007 U.S. Dist. LEXIS 5885 (W.D. N.C. Jan. 23, 2007); Bellamy v. United States, 4:05-01522-CWH, 2006 U.S. Dist. LEXIS 34223 (D. S.C. May 26, 2006). Accordingly, the court finds that there is no ground for equitable tolling of the statute of limitations and, therefore, that White's § 2255 motion is untimely.

### III.

For the reasons stated, the court dismisses White's § 2255 motion as untimely.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to petitioner.

**ENTER:** This 10th day of July, 2007.

United States District Judge